J-S23021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAKYIA BRITTNEY DUNLAP | : | |
| | : | |
| Appellant | : | No. 1567 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 24, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003903-2020

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:      **FILED: OCTOBER 18, 2022**

Shakyia Brittney Dunlap appeals the judgment of sentence imposed following her convictions for three counts of driving under the influence of a controlled substance and one count of duties at stop signs.[1] She challenges the sufficiency and weight of the evidence. Counsel for Dunlap has filed an **_Anders_** brief and a petition to withdraw as counsel.[2] We grant counsel's petition to withdraw and affirm the judgment of sentence.

The Commonwealth presented evidence of the following at trial. On May 21, 2020, at approximately 1 a.m., Officer Joseph Palmer of the York City

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i), 3802(d)(1)(iii), 3802(d)(2), and 3323(b), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967); **_see also Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

Police Department was on patrol. N.T., Trial, 6/24/21, at 5, 7, 8. Around this time, he observed a white Honda Pilot fail to stop at two posted stop signs. *Id.* at 8. Officer Palmer also observed the vehicle drive through an intersection and almost strike another vehicle. *Id.* at 10-11. The vehicle's driver also failed to use a turn signal at one point. *Id.* at 20. Officer Palmer initiated a traffic stop and observed Dunlap in the vehicle's driver's seat. *Id.* at 11.

When he approached the vehicle, Officer Palmer saw "a bunch of blunt wrappers, or roaches, what we classify them as marijuana all over the center console" and smelled the odor of burnt marijuana coming from the vehicle. *Id.* at 13. Dunlap told Officer Palmer that she had consumed marijuana before driving. *Id.* at 14. He observed that Dunlap had "glossy eyes, the bloodshot eyes" and dilated pupils. *Id.* at 15-16. Officer Palmer testified that he was familiar with signs of marijuana impairment in drivers, which could include slurred speech, glassy eyes, or repetitive speech. *Id.* at 15.

Based on his observations of impairment, Officer Palmer placed Dunlap under arrest. The parties stipulated that the blood draw results for Dunlap revealed that she tested positive for "Delta 9 Carboxy THC at a result of 14 nanograms per milliliter and Delta 9 THC at 1.7 nanograms per milliliter." *Id.* at 17.[3] Officer Palmer testified that Delta 9 THC is an active ingredient in marijuana. *Id.* at 18. The court credited Officer Palmer's testimony. *Id.* at 40.

---

[3] The amounts were above the reporting limit. *See* N.T., Trial, at 17.

The Commonwealth also introduced the mobile video recording ("MVR") into evidence. *Id.* at 8, 33.

The court found Dunlap guilty of the above-referenced crimes. It sentenced her to serve six months restrictive probation and pay a $1,000 fine, with random drug testing throughout her probationary period. *Id.* at 49. Dunlap filed a post-sentence motion challenging the sufficiency and weight of the evidence. The court denied the motion and this timely appeal followed. Dunlap's counsel filed a Rule 1925(b) statement informing the court of his intention to file an *Anders* brief. In this Court, he filed an *Anders* brief and a petition to withdraw.

Counsel's *Anders* brief identifies two issues:

1. Whether the evidence was sufficient to convict Dunlap of DUI under 75 Pa.C.S.A. § 3802(d)(2)?

2. Whether the verdict was against the weight of the evidence where Dunlap was convicted of DUI under 75 Pa.C.S.A. § 3802(d)(2)?

*Anders* Br. at 5.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). To withdraw pursuant to *Anders*, counsel must: 1) petition the court for leave to withdraw stating that, after a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the client; and 3) advise the client

that he or she has the right to retain other counsel or proceed *pro se*. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Counsel must also provide the following in their **Anders** brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Where counsel meets these requirements, we must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Schmidt**, 165 A.3d 1002, 1006 (Pa.Super. 2017) (citation omitted).

Here, counsel's **Anders** brief complies with all the above requirements. In his **Anders** brief, counsel has provided a summary of the procedural and factual history of the case with citations to the record. He also identifies two issues that could arguably support the appeal and articulates why the appeal is frivolous, with citations to controlling case law and to the record. Additionally, counsel served Dunlap with a copy of the **Anders** brief and advised her of her right to proceed *pro se* or to retain private counsel to raise

any additional issues she deemed worthy of this Court's review. **See** Response to Order, filed 6/7/22. We now proceed to the issues counsel has identified.

The first issue presented in counsel's **Anders** brief is a challenge to the sufficiency of the evidence for Dunlap's conviction under Section 3802(d)(2). Counsel maintains that "[w]hile Dunlap's driving was far from egregious, impairment was established through her driving based on her delayed responses to traffic signs and another vehicle, which the trial court held to be a result of marijuana consumption." **Anders** Br. at 14.

When reviewing a sufficiency challenge, we "evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Sebolka**, 205 A.3d 329, 336-37 (Pa.Super. 2019) (citation omitted). Evidence is sufficient where the Commonwealth has proven each element of the crime beyond a reasonable doubt. **See id.** at 337. The Commonwealth may meet its burden "by means of wholly circumstantial evidence." **Id.** (citation omitted) Additionally, the fact finder "is free to believe all, part, or none of the evidence." **Commonwealth v. Ramtahal**, 33 A.3d 602, 607 (Pa. 2011).

A defendant may be convicted of driving under the influence of controlled substances if the Commonwealth proves that: 1) the defendant drove, operated, or was in physical control "of the movement of a vehicle," and 2) the defendant was under the influence of a drug or drugs to such a degree that it impaired "the individual's ability to safely drive, operate, or be

in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(d)(2).

In this case, the court found Officer Palmer's testimony credible regarding Dunlap's impaired ability to drive safely. Officer Palmer observed Dunlap fail to stop at two stop signs, fail to use her turn signal, and drive through an intersection, almost striking another vehicle. Officer Palmer testified that when he approached Dunlap's vehicle, he smelt burnt marijuana and saw "a bunch of blunt wrappers or roaches" in the vehicle. He also observed that Dunlap's eyes were bloodshot and glassy and that she had dilated pupils. Officer Dunlap concluded that these were signs of marijuana impairment based on his experience as an officer. The parties also stipulated to the blood report that Dunlap's blood contained Delta 9 THC, an active component in marijuana. We agree that the sufficiency claim is frivolous.

The second issue presented in counsel's *Anders* brief concerns the weight of the evidence for Dunlap's conviction under Section 3802(d)(2). Counsel maintains that this issue is frivolous because "the uncontradicted evidence put forth by the Commonwealth established consumption of marijuana and impairment while Dunlap was driving." *Anders* Br. at 15.

We review a challenge to the weight of the evidence for an abuse of discretion. *See Commonwealth v. Johnson*, 192 A.3d 1149, 1152-53 (Pa.Super. 2018). "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Cramer*, 195 A.3d 594,

600 (Pa.Super. 2018) (quoting **Commonwealth v. Talbert**, 129 A.3d 536, 545 (Pa.Super. 2015)). To succeed on a weight claim, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the [trial] court." **Talbert**, 129 A.3d at 546 (citation omitted).

In concluding that the verdict was not against the weight of the evidence, the court noted the credible testimony of Officer Palmer. It found that based on Officer Palmer's testimony and the MVR, Dunlap failed to stop at two stop signs, failed to use her turn signal, and almost struck another vehicle. It also noted that Dunlap exhibited signs of marijuana impairment, including dilated pupils and glassy, bloodshot eyes and admitted that she consumed marijuana. We agree that Dunlap's second issue is also frivolous.

Following our independent review of the record, we do not discern any additional, non-frivolous issues. We therefore find the appeal wholly frivolous, affirm the court's judgment of sentence, and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022