J-S15029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK KEVIN DAIL | : | |
| | : | |
| Appellant | : | No. 805 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 12, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000201-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK KEVIN DAIL | : | |
| | : | |
| Appellant | : | No. 806 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 12, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000763-2020

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED: AUGUST 18, 2023**

Appellant, Mark Kevin Dail, appeals from the May 12, 2022 judgments of sentence imposing an aggregate 17 to 90 months of incarceration for one count each of driving under the influence of alcohol (75 Pa.C.S.A. § 3802(a)(1)) and sexual abuse of children (18 Pa.C.S.A. § 6312(d)).  Counsel has filed a brief and petition to withdraw pursuant to *Anders v. California*,

386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

On December 7, 2020, Pennsylvania State Trooper Stephen Mascaro stopped Appellant on suspicion of drunk driving. Trooper Mascaro arrested Appellant after Appellant failed field sobriety tests. Appellant asked Trooper Mascaro to get his cell phone from his car so that Appellant could call a family member. Trooper Mascaro did so, and the screen lit up showing child pornography. After obtaining and executing a search warrant for the cell phone, the Commonwealth charged Appellant with 335 counts of sexual abuse of children.

Appellant appeared at a plea hearing scheduled for June 10, 2021 and declined to enter a plea. A pre-trial conference was then scheduled for July 13, 2021, but continued three times at Appellant's request to January 25, 2022. In the interim, the trial court denied Appellant's omnibus pretrial motion by order of November 15, 2021. On March 7, 2022, after the Commonwealth picked a jury, Appellant pled *nolo contendere* to one count of sexual abuse of children and one count of DUI. On May 10, 2022, two days before a scheduled sentencing hearing, Appellant filed motion to withdraw his pleas. At the May 12, 2022 sentencing hearing the trial court heard argument

on and denied Appellant's plea withdrawal motion. Appellant filed timely notices of appeal on May 26, 2022.[1]

Appellate counsel has proceeded pursuant to *Anders* and *Santiago*, contending that the appeal is frivolous.

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in Santiago. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014) (some citation omitted).

---

[1] The complaints against Appellant for DUI and sexual abuse of children were filed separately, but later joined for prosecution at the Commonwealth's request.

- 3 -

The record reveals that counsel has complied with the foregoing. We now proceed to an independent review of the record to determine whether the issues addressed in the *Anders* brief are frivolous, and whether there are any non-frivolous issues that counsel neglected. *Commonwealth v. Schmidt*, 165 A.3d 1002 (Pa. Super. 2017).

First, the *Anders* brief addresses Appellant's claim that too much time passed between his plea and his sentencing. Rule 704 of the Pennsylvania Rules of Criminal Procedure provides that "sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*." Pa.R.Crim.P. 704(a)(1). Appellant entered his *nolo contendere* plea on March 7, 2022 and was sentenced 66 days later, on May 12, 2022. We agree with counsel that this issue is frivolous.

Next, counsel addresses Appellant's claim that he was denied his right to a speedy trial. Rule 600 of the Pennsylvania Rules of Criminal Procedure requires trial to start within 365 days of the filing of the criminal complaint. Pa.R.Crim.P . 600(A)(2)(a). Trial commences on the day the trial judge calls the case to trial, or the date on which the defendant enters a plea of guilty or *nolo contendere*. Pa.R.Crim.P. 600(A)(1). Further, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." Pa.R.Crim.P. 600(C)(1). Other periods of delay, such as those attributable to the

defendant, are excluded from the 365-day computation. ***Id.*** Appellant was charged with the offenses at issue on December 7, 2020. He entered his plea on March 7, 2022, 455 days later, or 90 days after the expiration of the mechanical run date under Rule 600.

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Armstrong*, 74 A.3d 228, 234-35 (Pa. Super. 2013), *affirmed in part*, 107 A.3d 735 (Pa. 2014).

Appellant appeared at a June 10, 2021 plea hearing and declined to enter a plea as had been expected. Thereafter, the trial court scheduled a pretrial conference for July 13, 2021 with a possible trial date of August 2, 2021. On July 13, 2021 and two subsequent occasions, Appellant requested a continuance of the pretrial hearing. Jury selection therefore did not commence until March 7, 2022. Appellant entered his plea 237 days after July 13, 2021—the date on which he declined to enter a plea as expected (or 217 days after August 2, 2021—the next possible trial date). None of the interim delay is attributable to the Commonwealth's lack of due diligence. Thus, there is more than sufficient excludable time to offset the 90-day difference between the mechanical 365-day run date and Appellant's plea. We agree with counsel that Appellant's speedy trial argument is frivolous.

Next, counsel addresses Appellant's claim that he was pressured to enter his *nolo contendere* pleas. Appellant apparently views this argument as separate from his argument that the trial court erred in denying his pre-sentence motion to withdraw his plea (see just below). We observe that Appellant is bound by the statements he made during his plea colloquy. *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. 2017). At the colloquy, Appellant stated he was willingly pleading *nolo contendere*. N.T. Plea Hearing, 3/7/22, at 10. This argument is nothing more than a factual

assertion that contradicts what Appellant said at his plea hearing. We agree with counsel that it is frivolous.

Prior to sentencing, Appellant sought to withdraw his guilty plea because the Commonwealth reneged on an alleged agreement to release him on supervised bail; because he did not want a felony conviction on his record; because he did not wish to register as a sex offender; and because he asserted his innocence.

The pertinent law governing a presentence plea withdrawal motion is as follows:

> (1) there is no absolute right to withdraw a guilty plea; (2) trial courts have discretion in determining whether a withdrawal request will be granted; (3) such discretion is to be administered liberally in favor of the accused; and (4) any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Norton*, 201 A.3d 112, 116 (Pa. 2019). A claim of innocence must be "at least plausible" to demonstrate a fair and just reason for plea withdrawal. *Id.* (quoting *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015)). "The proper inquiry on [a presentence plea withdrawal] motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* "The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." *Id.*

None of Appellant's asserted bases for plea withdrawal has merit. The trial court advised Appellant, and Appellant conceded, that an attempt to withdraw his plea would result in substantial prejudice to the Commonwealth, as jury selection was already complete. N.T. Plea Hearing, 3/7/22, at 8. The record reflects that the Commonwealth did not object to a reduction in Appellant's bail, as per an agreement between the prosecutor and defense counsel. *Id.* at 14. There is no evidence of any agreement beyond that. The record also reflects that Appellant was unwilling to comply with the terms of supervised bail prior to his sentencing. N.T. Sentencing, 5/12/22, at 7. Appellant was told at his plea hearing that he was pleading guilty to a felony and that he would be subject to sexual offender registration. N.T. Plea Hearing, 3/7/22, at 5-6. Appellant's subsequent decision that he did not like the grading and consequences of the sexual abuse offense does not create a fair and just reason for plea withdrawal. Finally, given Appellant's failed field sobriety tests and the child pornography found in his cell phone, Appellant has offered nothing more than a bald assertion of his innocence. We agree with counsel that Appellant's plea withdrawal arguments are frivolous.

Our own review of the record reveals no potentially meritorious issues counsel could have raised. In particular, we observe that the facts Appellant admitted to at the plea hearing—that he was driving erratically and crossed the double yellow line (N.T. Plea Hearing, 3/7/22, at 9-10)—refute his basis

for challenging the vehicle stop in his omnibus pretrial motion. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2023