J-S15023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEFFERY ERIC COULTER, II :
:
Appellant : No. 1508 MDA 2022

Appeal from the Judgment of Sentence Entered September 28, 2022
In the Court of Common Pleas of Franklin County
Criminal Division at No: CP-28-CR-0001816-2016

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED: AUGUST 23, 2023**

Appellant, Jeffrey Eric Coulter, II, appeals from the September 28, 2022 judgment of sentence imposing 9 to 23 months of incarceration for endangering the welfare of children ("EWOC") and a concurrent[1] 60 months of probation for simple assault. Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

On September 30, 2016, the Commonwealth charged Appellant with one count of simple assault and one count of EWOC for beating his three-year-old

---

[1] Our Sentencing Code permits courts to impose probation and incarceration "consecutively or concurrently." 42 Pa.C.S.A. § 9721(a); **Commonwealth v. Simmons**, 262 A.3d 512, 523 (Pa. Super. 2021) (*en banc*).

stepdaughter with a belt. On December 6, 2021, after many continuances, Appellant entered an open plea of guilty to both charges. On June 22, 2022, the trial court sentenced Appellant *in absentia* after Appellant failed to appear despite having notice of the sentencing proceeding. The court imposed concurrent sentences of 60 months of probation, including 24 months of electronic monitoring. On September 14, 2022—while Appellant's post-sentence motion remained pending—Appellant's probation officer filed a notice of violation alleging that Appellant failed to seek and maintain employment, and that he failed to comply with his electronic monitoring schedule. At a September 28, 2022 violation hearing, Appellant admitted to the violations and acknowledged he was subject to resentencing. N.T. Hearing, 9/28/22, at 2-3. At the conclusion of the September 28, 2022 hearing, the trial court revoked Appellant's probationary sentences and imposed a new sentence as set forth above. By order of October 14, 2022, the trial court denied the post-sentence motion Appellant filed in response to the June 22, 2022 sentences. In an accompanying memorandum, the trial court explained that Appellant's ineffective assistance of counsel argument must await collateral review, and that his post-sentence motion to withdraw his plea lacked merit. Appellant filed this timely appeal on October 28, 2022.

Before we proceed to the merits, we consider counsel's **Anders** filing.

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in Santiago. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014) (some citation omitted).

The record reveals that counsel initially failed to provide this Court with a copy of his letter to Appellant, advising Appellant of his right to proceed *pro se* or with another lawyer. Counsel corrected that deficiency in response to this Court's order of March 1, 2023. In other respects, counsel's filing complies with **Anders** and **Santiago**. We therefore proceed to an independent review of the record to determine whether the issues addressed in the **Anders** brief are frivolous, and whether there are any non-frivolous issues that counsel neglected. **Commonwealth v. Schmidt**, 165 A.3d 1002 (Pa. Super. 2017).

The **Anders** Brief addresses the discretionary aspects of the June 22, 2022 probation sentences and the September 28, 2022 sentence of incarceration. As noted above, Appellant's post-sentence challenge to his June 22, 2022 sentence remained pending as of the revocation hearing and re-sentencing. His October 28, 2022 notice of appeal challenged both sentences.

Regarding Appellant's challenge to the June 22, 2022 sentence, we consider our Supreme Court's analysis in **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019). There, our Supreme Court considered whether an appeal from a revocation sentence was moot because the sentence was subsequently revoked again. The appellant in **Foster** challenged the propriety of the revocation. The **Foster** Court explained that "[a] case is moot when facts that arise after the initiation of the case leave a litigant without a stake in the outcome of the matter." **Id.** at 1245. The **Foster** Court concluded the issue before it was not moot because the fact of a prior revocation on the appellant's record could have consequences in the event of future probation violations. **Id.** Instantly, however, Appellant wishes to challenge the discretionary aspects of sentences he is no longer serving. Because the June 22, 2022 probationary sentences have been revoked, Appellant has no stake in the outcome of a challenge to their discretionary aspects. This issue is moot.

Next, the **Anders** brief addresses the trial court's September 28, 2022 revocation sentence insofar as it sentenced him to incarceration on the EWOC charge.

> When considering an appeal from a sentence imposed following the revocation of probation, [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b).[2] Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

**Commonwealth v. Giliam**, 233 A.3d 863, 866–67 (Pa. Super. 2020) (quotation marks and some citation omitted). Section 9771(c)(3) of the Sentencing Code permits a revocation sentence of total confinement where, among other things, it is "essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c)(3). When the trial court resentences a defendant after

---

[2] Section 9771(b) provides:

> The court may increase the conditions, impose a brief sanction under section 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S.A. § 9771(b).

revocation of probation, the court must state on the record the reasons for the sentence imposed. ***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014), ***appeal denied***, 109 A.3d 678 (Pa. 2015). The imposition of sentence upon revocation rests within the discretion of the trial court. ***Colon***, 102 A.3d at 1043. That challenge must be properly preserved in a post-sentence motion. ***Id.*** at 1042-43. Appellant did not raise any post-sentence issues on the record orally after the trial court imposed the September 28, 2022 sentences. Nor did Appellant file a timely post-sentence motion to the September 28, 2022 sentences. As such, no challenge to the discretionary aspects of the September 28, 2022 sentences is preserved for review. We further observe that the maximum 23-month sentence of incarceration is legal, as EWOC, on the facts of this case, was a first-degree misdemeanor.[3] The statutory maximum term of imprisonment for a first-degree misdemeanor is five years. 18 Pa.C.S.A. § 1104(1).

In any event, the trial court explained that the sentence of incarceration vindicated its authority, as Appellant was noncompliant with several terms of his probation terms and was uncooperative with the court throughout this proceeding. N.T. Hearing, 9/28/22, at 17; Trial Court Opinion, 12/14/22, at 7-8.

---

[3] EWOC is codified at 18 Pa.C.S.A. § 4304. The instant offense occurred in 2016. An amendment to § 4304 effective in 2017 provides for a one-grade increase if the victim is under six years old.

Having conducted an independent review of the record, we discern no potentially meritorious issues available to Appellant on direct review, including those issues addressed in the **Anders** Brief. We therefore affirm the judgment of sentence and grand counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2023