J-S39020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CARRIE LYNN RICE | |
| Appellant | No. 1420 WDA 2016 |

Appeal from the Judgment of Sentence August 24, 2016
In the Court of Common Pleas of Venango County
Criminal Division at No(s):
CP-61-CR-0000022-2014
CP-61-CR-0000407-2014

BEFORE: BENDER, P.J.E., BOWES AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 31, 2017**

Carrie Lynn Rice appeals from the August 24, 2016 judgment of sentence, which was imposed following revocation of her State Intermediate Punishment Program ("SIP") sentence. We affirm.

On January 30, 2015, Appellant pled guilty to retail theft and possession of a controlled substance/contraband while an inmate in return for admission to SIP, followed by a five-year probationary tail.[1] On August 23, 2016, the trial court received notice from the Department of Corrections

---

[1] Per the terms of the negotiated plea, one count each of receiving stolen property, conspiracy to commit retail theft, possession of a controlled substance, and possession with intent to use drug paraphernalia were *nolle prossed*.

---

* Retired Senior Judge assigned to the Superior Court.

that Appellant had been expelled from SIP. Since Appellant could not successfully complete the program, the trial court formally revoked the SIP sentence and resentenced Appellant at a hearing on August 24, 2016, which she attended via video-teleconferencing.

At the hearing, the court reviewed the guideline ranges for Appellant's offenses, although it acknowledged that the guidelines did not apply in a revocation proceeding. Appellant's attorney elicited testimony from Appellant regarding her progress towards her GED, as well as the drug or alcohol treatment programs in which she had participated. Appellant informed the court that she had never had a job before entering SIP, but that, while in the program, she worked as a junior pastry chef and at a factory. Appellant advised that she had not seen her two children, ages thirteen and eight, for two years. She expressed remorse for the crimes she had committed and took responsibility for her transgressions.

Noting that Appellant was Recidivism Risk Reduction Incentive ("RRRI") ineligible due to a robbery as a juvenile, the court explained that it was free to sentence Appellant up to the maximum, which was seven years on the third-degree felony retail theft and ten years for the second-degree drug-related felony. The court sentenced Appellant to thirty months to five years imprisonment on the drug charge and a consecutive term of eighteen months to five years imprisonment on the theft charge, for an aggregate

sentence of four to ten years imprisonment. Appellant was given credit for time served of 775 days.

On September 8, 2016, Appellant filed two motions: 1) an untimely motion seeking modification of the sentence, in which she alleged that the sentence was "excessive and too harsh;" and 2) a motion seeking permission to file a post-sentence motion *nunc pro tunc*. The court denied the motion for modification of sentence on September 9, 2016, but did not rule on the *nunc pro tunc* motion at that time.[2] Appellant timely appealed and complied with the trial court's order to file a Pa.R.Crim.P. 1925(b) concise statement of errors complained of on appeal.

Appellant identifies one issue for our review: "Is the sentence imposed upon [Appellant] too harsh for the expulsion of [Appellant] from the State Intermediate Punishment program, and thus unreasonable, manifestly excessive and an abuse of discretion? Appellant's brief at 5.[3]

_____

[2] Two weeks later, on September 23, 2016, the trial court denied the motion seeking permission to file a post-sentence motion *nunc pro tunc*. Ordinarily, the failure to file a timely post-sentence motion results in waiver of Appellant's discretionary sentencing challenge. *Commonwealth v. Schmidt*, 2017 PA Super 186 (Pa.Super. 2017); *Commonwealth v. Bromley*, 862 A.2d 598 (Pa.Super. 2004). However, since the timing of the ruling on the motion seeking *nunc pro tunc* permission raises the specter of confusion, we will address the claim in an abundance of caution.

[3] The Commonwealth advised this Court that it did not intend to file a brief, but relied upon the reasons set forth by the trial court in its Pa.R.A.P. 1925(a) opinion in support of affirmance.

Appellant presents a challenge to the discretionary aspects of her sentence. As we observed in **Commonwealth v. McLaine**, 150 A.3d 70, 76 (Pa.Super. 2016) (citation omitted), "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." In order to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, we look to whether an appellant has satisfied the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**.

Instantly, Appellant filed a timely appeal, and preserved her contentions in a post-sentence motion, which was filed while the court retained jurisdiction to modify the sentence. Additionally, her brief contains a Pa.R.A.P. 2119(f) statement. Finally, Appellant maintains that her claim that her sentence was too harsh presents a substantial question because the trial court "did not adequately consider the facts the defendant placed upon the record" when it imposed the current sentence. Appellant's brief at 9 (Rule 2119(f) statement). Those facts included that Appellant was only two classes away from completing her GED, that she had been employed for six months, completed formal programming while in the SIP program, gained

- 4 -

insight from her alcohol and drug treatment, and that she has two children whom she has not seen in two years. *Id*. She argues further that the consecutive nature of the sentences rendered her aggregate sentence "unreasonable" and "manifestly excessive." *Id*.

The preliminary question before is whether Appellant has presented a substantial question. As we held in *McLaine*, *supra*, that question is evaluated on a case-by-case basis. Furthermore,

> A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 2000 PA Super 151, 752 A.2d 910 (Pa.Super. 2000). A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002).

*McLaine*, *supra* at 76 (finding that allegation that trial court did not provide specific reasons for aggravated range sentence presented substantial question).

The issue is whether Appellant has forwarded a plausible argument that the sentence was inconsistent with the Code or violative of fundamental sentencing norms. She argues that the imposition of consecutive sentences rendered the punishment unduly harsh and excessive for expulsion from SIP and that the court failed to consider the mitigating circumstances. We held

- 5 -

in **Commonwealth v. Raven**, 97 A.3d 1244 (Pa.Super. 2014), that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." **See also Commonwealth v. Caldwell**, 117 A.3d 763, 760 (Pa.Super. 2015) (claim that imposition of consecutive sentences was unduly excessive, together with claim that court failed to consider rehabilitative needs, presented a substantial question). We find that Appellant presents a substantial question.

Accordingly, we turn to the merits of Appellant's sentencing challenge. At the outset, we note that the purpose of the SIP legislation was "to create a program that punishes persons who commit crimes, but also provides treatment that offers the opportunity for those persons to address their drug or alcohol addiction or abuse and thereby reduce the incidents of recidivism and enhance public safety." 61 Pa.C.S. § 4102(6). A SIP sentence is a conditional sentence that "serves the dual purposes of punishing a defendant and rehabilitating him or her." **Commonwealth v. Kuykendall**, 2 A.3d 559, 565 (Pa.Super. 2010).

A SIP sentence is analogous to a sentence of probation and is treated much the same when it is violated. Sentencing following revocation of SIP, like probation, is vested within the sound discretion of the court and is not disturbed unless manifestly unreasonable or the result of prejudice, bias or ill-will. **Commonwealth v. Simmons**, 56 A.3d 1280 (Pa.Super. 2012).

Appellant was expelled from SIP, and the court subsequently revoked that sentence upon determining that she had not successfully completed the program.[4] She does not challenge the court's revocation of her participation in the program.[5] In resentencing Appellant, as it was required to do, the court had the same sentencing alternatives available to it as it had at the time it imposed the original sentence. 42 Pa.C.S. § 9774(c). The maximum sentence Appellant originally faced was seventeen years imprisonment. After noting the guideline ranges for the two felony offenses and Appellant's

_____

[4] 42 Pa.C.S. § 9774 provides:

> (a) General rule.-- The court may at any time terminate a sentence of State intermediate punishment pursuant to Chapter 99 (relating to State intermediate punishment).
>
> (b) Revocation.--The court shall revoke a sentence of State intermediate punishment if after a hearing it determines that the participant was expelled from or failed to complete the program.
>
> (c) Proceedings upon revocation.--Upon revocation of a State intermediate punishment sentence, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. The attorney for the Commonwealth must file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

[5] Appellant did not preserve or raise herein any challenge to the adequacy of the court's statement of reasons for the sentence imposed. *See* ***Commonwealth v. Flowers***, 149 A.3d 867 (Pa.Super. 2016).

prior record score of five, the court re-sentenced Appellant within the standard range for each offense.

Against this backdrop, we consider Appellant's claim that the consecutive nature of her sentences resulted in an aggregate sentence that was too harsh, as it was not commensurate with the conduct she engaged in that violated her SIP, and that the trial court did not adequately consider the facts she offered in mitigation. First, Appellant was not resentenced for an SIP violation; she was re-sentenced on the two underlying offenses for which she was originally sentenced to SIP. Second, although Appellant placed what she believed were mitigating circumstances on the record at the resentencing, the court had the discretion to weigh those considerations against other factors in determining whether to impose the sentences consecutively. In essence, Appellant's complaint is that the trial court did not accord those considerations the proper weight, but we cannot re-weigh these factors. ***Commonwealth v. Macias***, 968 A.2d 773 (Pa.Super. 2009).

We find no abuse of discretion. The trial court was familiar with Appellant and the underlying offenses for which she received the SIP sentence. In addition, the Department of Corrections informed the trial court that Appellant was expelled because she failed to meet the guidelines of the program due to a lack of meaningful participation, that she relapsed to drug use, and that she had numerous behavioral problems. The court

weighed these facts, together with the circumstances offered by Appellant at resentencing, in arriving at its aggregate sentence.

Nor is the sentence unduly harsh. As our Supreme Court explained in **Commonwealth v. Pasture**, 107 A.3d 21 (Pa. 2014):

> [A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Id*. at 28-29 (internal citations omitted). The court herein concluded that, "Any lesser sentence would depreciate the seriousness of the offense." N.T. Sentencing, 8/24/16, at 12. We find no abuse of discretion on the record before us.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/31/2017

- 9 -