J-S10042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTOPHER JAMES COLELLO | : | |
| | : | No. 2474 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence September 29, 2014
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004300-2014

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 24, 2018**

Appellant Kristopher James Colello appeals from the judgment of sentence[1] following his convictions for three counts each of furnishing a controlled substance to confined persons, criminal conspiracy to furnish a controlled substance to confined persons, and criminal use of a communication facility.[2]  Appellant's counsel has filed a petition to withdraw from

_____

[1] We note that Appellant's notice of appeal purports to appeal from the July 14, 2017 order denying his post-sentence motion for reconsideration. However, the appeal properly lies from the judgment of sentence. ***See Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 158 n.1 (Pa. Super. 2007) ("An appeal from an order denying a post-trial motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence. . . .  Therefore, this appeal properly lies from the judgment of sentence and not from any post-trial order." (citation omitted)).

[2] 18 Pa.C.S. §§ 5123(a), 903(a), and 7512(a), respectively.

representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and its Pennsylvania counterpart, **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw.

On September 29, 2014, Appellant appeared before the trial court for guilty plea and sentencing proceedings on three cases.[3] The trial court summarized the facts relevant to the instant appeal as follows:

> In [No. 4300], on September 29, 2014, Appellant pled guilty to three counts of Furnishing Controlled Substance Contraband to Confined Persons, three counts of Criminal Conspiracy to Furnish Controlled Substance Contraband to Confined Persons, and three counts of Criminal Use of a Communication Facility. These charges arose when, in October 2013, the Bucks County Correctional Facility received three greeting cards soaked in methadone that were addressed to the Appellant, who was an inmate at the time. Appellant had previously agreed with a co-defendant, [Dana Kutschera,] through numerous telephone conversations on the prison phone system, that she would send him these greeting cards for his own personal use [or] for distribution to other inmates. This [c]ourt sentenced Appellant to [an aggregate] four to ten years' incarceration on Counts 1 through 6, with no further penalty imposed for Counts 7 through 9.

---

[3] **See** Docket Nos. CP-09-CR-4715-2014 (No. 4715), CP-09-CR-4300-2014 (No. 4300), and CP-09-CR-2184-2014 (No. 2184). Appellant is only appealing from the judgment of sentence at No. 4300. **See** Notice of Appeal, 7/28/17.

We note that at No. 4715, Appellant pled guilty to burglary, receiving stolen property, theft by unlawful taking, and criminal mischief by tampering with tangible property. Trial Ct. Op., 9/26/17, at 2. The trial court sentenced Appellant to one to two years' incarceration. **Id.** At No. 2184, Appellant pled guilty to access device fraud and forgery, and the trial court sentenced Appellant to one to two years' imprisonment. **Id.** The sentences in No. 4715 and 2184 were ordered to run concurrently to each other and the sentence in the instant case. **Id.** at 3.

Trial Ct. Op., 9/26/17, at 1-2 (footnotes and citations omitted).

Appellant did not file a post-sentence motion or a direct appeal. ***Id.*** at 4. On April 8, 2015, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act[4] (PCRA) claiming ineffective assistance of trial counsel in not informing Appellant of his appellate rights. ***Id.*** On December 15, 2015, the PCRA court held a hearing and, on May 18, 2017, reinstated Appellant's post-sentence and appellate rights. ***Id.***

On May 30, 2017, Appellant filed a post-sentence motion to reconsider his sentence. ***Id.*** On July 5, 2017, the trial court held a hearing and, on July 14, 2017, the trial court denied Appellant's motion. ***Id.***

On July 28, 2017, Appellant filed his notice of appeal and a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. On September 26, 2017, the trial court filed its Pa.R.A.P. 1925(a) opinion.

Counsel's ***Anders*** brief identifies the following questions on appeal:

1. Did the lower [c]ourt fail to state adequate reasons for imposing a sentence higher than that recommended by the Sentencing Guidelines?

2. Did the lower court fail to take the Sentencing Guidelines into account when imposing the sentence?

***Anders*** Brief at 3.[5] Appellant has not filed a *pro se* brief or a counseled brief

---

[4] 42 Pa.C.S. §§ 9541-9546.

[5] Counsel also included as his first issue whether counsel should be permitted to withdraw from representation, however, because we have already addressed this issue, we have removed it from the "Issues Presented."

with new, privately-retained counsel.

Because counsel has filed a petition to withdraw pursuant to **Anders**, we must first address counsel's petition before reviewing the merits of the appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

Here, counsel has stated that after a thorough review of the record, he believes this appeal would be wholly frivolous. Pet. to Withdraw, 12/13/17, at ¶ 3. Counsel furnished a copy of the **Anders** brief to Appellant, as well as a letter advising Appellant that he has "the right to immediately retain new counsel, or proceed *pro* se (that is, represent yourself) to raise any additional points that you deem worthy of the Court's attention."[6] Ltr. to Appellant,

---

[6] On March 2, 2018, this Court directed counsel to provide documentation demonstrating that it had served on Appellant the **Anders** brief and the letter notifying Appellant of counsel's application to withdraw and Appellant's right to proceed *pro se* or with private counsel.

On March 5, 2018, counsel filed a certificate of service indicating that on December 13, 2017, it had provided the aforementioned documents to Appellant. Counsel further stated "that this Certification of service is being

12/13/17. We conclude that counsel's petition to withdraw complies with the procedural dictates of **Anders**.

We next address whether counsel's **Anders** brief meets the requirements established by the Pennsylvania Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel's brief provided a summary of the procedural history and the facts with appropriate citations to the record. **Anders** Brief at 5-8. Counsel's brief states that he conducted a thorough review of the record and determined that any appeal would be frivolous, and set forth his reasons for that conclusion. **Id.** at 10. Accordingly, counsel has substantially complied with

---

served on the Appellant by first class mail on March 5, 2018." Certificate of Service of (1) **Anders** Brief, (2) Letter Describing Right to Proceed *Pro Se* or with Newly Retained, Private Counsel, and (3) Certification of Service of the Certification of Service, 3/5/18.

Also, on March 5, 2018, counsel filed an application to correct his previous filing because he had "misstated the address to which the certification was sent to the Appellant on March 5, 2018." Appl. to Correct March 5, 2018 Filing and Substitution with Correct Filing, 3/5/18.

the requirements of **Anders** and **Santiago**. We, therefore, review the issues raised in the **Anders** brief.

The two issues identified by counsel relate to the discretionary aspects of sentencing, and we address them jointly. The first issue identified by counsel is that the trial court erred in imposing a sentence in excess of that in the aggravated range of the Sentencing Guidelines. Counsel notes that the trial court arguably gave inadequate consideration to Appellant's remorse, his drug addiction, his failed attempts to get help for his addiction, and his newborn, who provided him with motivation to quit using drugs. Appellant further argues that the trial court failed to take into consideration his rehabilitative needs pursuant to 42 Pa.C.S. § 9721(b).[7]

The second issue identified by counsel is that the trial court did not give adequate consideration to the Sentencing Guidelines. Counsel notes that the trial court "mentioned the guidelines during the colloquy, [but] did not mention them when imposing Appellant's sentence." **Anders** Brief at 16.

Before addressing the merits of a challenge to the discretionary aspects of sentencing, we must determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and

---

[7] Section 9721(b) provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

(4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

***Commonwealth v. Rush***, 162 A.3d 530, 543 (Pa. Super. 2017) (citation omitted).

The determination of whether a petitioner has raised a substantial question is made on a case-by-case basis. ***Id.*** "A substantial question exists where a defendant raises a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Id.*** (citation omitted).

Appellant has filed a timely notice of appeal, has preserved his claim in a post-sentence motion to reconsider his sentence, and has included in the ***Anders*** brief a Pa.R.A.P. 2119(f) statement setting forth his statement of reasons relied upon for allowance of appeal. Further, Appellant's claim that the trial court failed to take into consideration certain mitigating and rehabilitative factors in imposing a sentence outside the aggravated range of the Sentencing Guidelines raises a substantial question.[8] ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (holding that "an excessive sentence claim—in conjunction with an

_____

[8] The suggested standard range for furnishing a controlled substance to confined persons and criminal conspiracy to furnish a controlled substance to confined persons was twenty-four to thirty months and, in the aggravated range, thirty-six months. N.T., 9/29/14, at 21. Therefore, the four to ten year sentence constituted an upward departure for any single offense.

assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

However, his claim that the trial court did not mention the Sentencing Guidelines in imposing its sentence does not raise a substantial question for our review. **See Rush**, 162 A.3d at 543 (finding that the appellant "cited no case law holding that his claim that the trial court failed to state the guideline ranges at sentencing raises a substantial question, nor does our research reveal any").[9]  Therefore, we may only review the merits of Appellant's discretionary aspects of sentencing claim with regards to his first issue.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Id.** at 544 (citation omitted).  "An abuse of discretion requires the trial court to have

_____

[9] Even if Appellant's second issue raised a substantial question, his claim would be meritless.  This Court has held that the Sentencing Guidelines are "not mandatory" and trial courts "retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines." **Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).  The guidelines are not binding, they are merely "advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence." **Rush**, 162 A.3d at 543 n.10 (citing **Commonwealth v. Walls**, 926 A.2d 957, 964–65 (Pa. 2007)).  Moreover, this Court has held that as long as "the record demonstrates that the [trial] court was aware of the guideline ranges," then "we will not reverse merely because the specific ranges were not recited." **Commonwealth v. Griffin**, 804 A.2d 1, 8 (Pa. Super. 2002).

Here, however, the trial court did mention the Sentencing Guidelines and took them into consideration while fashioning Appellant's sentence. **See** N.T., 9/29/14, at 21.  The trial court also explained its reasoning for imposing the sentence it did. **Id.** at 52-56.

acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citation omitted). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* (citation omitted).

In imposing Appellant's sentence, the trial court stated:

I have an obligation as a judge, I believe I have some responsibility for the fact that we sentence people to the Bucks County Prison and expect them to be safe and expect them to have no contraband there. This required thought and planning on your part. And this argument that now you have a child doesn't hold a lot of water with me, is that the expression, because you knew you were expecting a child at the time that this happened, regardless of where you were in life.

You complained that you haven't had treatment and yet you've been in a therapeutic community in the state, you have been in outpatient treatment in the community, and you have a short hospitalization, and I think having sat here you know that I believe I am sensitive and mindful of the fact that this is an addiction. But the level of criminal thinking to come up with soaking a card with Suboxone to bring it into the prison is amazing to me.

N.T., 9/29/14, at 45-46.

The trial court further stated:

It's fascinating to me that you [(Appellant)] say you've never hurt anyone before. I don't know who the victim was of the burglary, but somebody was victimized by the burglary. And perhaps you don't see burglary as a crime that victimizes other people, even if it's a business. And you have a prior simple assault and were given one to two years, I suspect somebody was hurt by that.

Then there's the little matter of the possession with intent to deliver which means that you pled guilty to being involved in the

- 9 -

delivery of drugs. You, of all people, should understand that that destroys lives. And so here we are, and I am struck by the lack of incite and the lack of understanding of your criminal thinking. I am struck by the fact that this is more than somebody who has possessed -- who has presented with the opportunity to have drugs and uses them. This is somebody coming up with a plan to bring them into the prison. And while there's an agreement for these sentences to run concurrent, let's just take a look at what I have to work with here.

*Id.* at 52-53.

The court continued:

Then we look at the fact that I have three contraband cases, three counts of conspiracy and criminal use of [a] communication facility, and all of those do not merge. So even if I just looked at the low end of the standard range for each of the contraband cases, that would be two years. So we're talking six years just for the three contraband cases. One year if I only sentenced you at the low end of the burglary and one year in the standard range for the access device fraud.

What I'm trying to get you to see is, yes, I do believe a lot of your decisions have been fueled by addiction, but I see long-term criminal thinking here, a long-term inability to see the impact of your decisions on other people. That's what I see. And that is criminal thinking. And anything less than a long sentence will not address that in my mind.

*Id.* at 53-54.

In its 1925(a) opinion, the trial court added:

[O]nly a lengthy sentence would address this [c]ourt's concern with safety in the prisons, the gravity and quantity of Appellant's offenses, and his long history of criminal activity. While we acknowledged Appellant's deep-rooted struggle with addiction and his attempts to rehabilitate himself, this [c]ourt noted that the level of criminal thinking involved in "com[ing] up with soaking a card with Suboxone to bring it into the prison is amazing to me." N.T. 9/29/14, p. 46.

Trial Ct. Op. at 6-7.

The trial court considered Appellant's history of drug addiction and the motivation of having a new child; however, the trial court also took into consideration Appellant's lack of remorse for his actions, his lack of understanding of the impact his actions had on others, the seriousness of the several crimes, and the fact that case No. 4300 occurred after Appellant knew he was going to be a father. Thus, the trial court considered the mitigating factors presented by Appellant as well as Appellant's rehabilitative needs. In the end, it found that any sentence lesser than that imposed would not address Appellant's "criminal thinking" and his "long-term inability to see the impact of [his] decisions on other people." N.T., 9/29/14, at 54.

Therefore, the record does not support the assertion that the trial court failed to consider the mitigating factors raised by Appellant or Appellant's rehabilitative needs. Accordingly, we agree with counsel's assessments that the identified issues would be frivolous as the record contains no indication the trial court abused its discretion when deviating from the Sentencing Guidelines. Further, our independent review of the record does not reveal any additional, non-frivolous issues. *See **Commonwealth v. Schmidt***, 165 A.3d 1002, 1006 (Pa. Super. 2017).

Counsel's "Application to Correct March 5, 2018 Filing and Substitution with Correct Filing" granted. Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/24/18</u>