J-S11044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOBBY MCKENZIE, | : | |
| | : | |
| Appellant | : | No. 3001 EDA 2017 |

Appeal from the Judgment of Sentence August 8, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0004353-2011

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:  **FILED MAY 09, 2018**

Bobby McKenzie ("McKenzie") appeals from the judgment of sentence imposed following the revocation of his probation.  Additionally, Patrick J. Connors, Esquire ("Attorney Connors"), McKenzie's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Connors's Petition to Withdraw and affirm McKenzie's judgment of sentence.

In November 2011, McKenzie pled guilty to theft by deception and criminal conspiracy.  He was sentenced to an aggregate term of 6 to 23 months in jail, followed by two years of probation.  Additionally, the sentencing court ordered him to pay restitution and court costs, in the amount of approximately $2,800 (hereinafter the "restitution amount").  Several years later, after McKenzie had completed his jail sentence and most of his

probationary term, a bench warrant was issued due to his failure to pay the court-ordered restitution amount.

On August 8, 2017, the trial court conducted a **Gagnon II**[1] hearing, wherein it was disclosed that McKenzie (1) still owed all of the restitution amount; and (2) had been arrested for a new criminal offense in 2015 (hereinafter "the 2015 criminal case"). At the close of the hearing, the trial court found McKenzie in violation, revoked his probation, and sentenced him to another two-year term of probation, to run concurrently to the separate sentence imposed for the 2015 criminal case. The trial court also ordered that (1) McKenzie shall pay $40 per month toward the balance on the restitution amount; and (2) once the restitution amount had been fully repaid, McKenzie would be released from further supervision.

McKenzie, via Attorney Connors, filed a timely Notice of appeal. The trial court then ordered McKenzie to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Connors filed a statement indicating that he intended to file an **Anders** brief in lieu of a Rule 1925(b) concise statement. Attorney Connors thereafter filed the **Anders** Brief and a Petition to Withdraw as Counsel.

In the **Anders** Brief, Attorney Connors presents the following issue on behalf of McKenzie: "Whether the 2[-]year probation term imposed herein is harsh and excessive under the circumstances?" **Anders** Brief at 1.

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

As a preliminary matter, we must determine whether Attorney Connors has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record[,] counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has stated that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the **Anders** Brief and the Petition to Withdraw reveals that Attorney Connors has complied with each of the requirements of **Anders**/**Santiago**.  The record further reflects that counsel has (1) provided McKenzie with a copy of both the **Anders** Brief and Petition to Withdraw, (2) sent a letter to McKenzie advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention,[2] and (3) attached a copy of this letter to the Petition to Withdraw, as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751-52 (Pa. Super. 2005).  Accordingly, we must next examine the record and make an independent determination of whether McKenzie's appeal is, in fact, wholly frivolous.

McKenzie argues that his sentence of two years' probation "is harsh and excessive under the circumstances." **Anders** Brief at 6.  McKenzie challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal.  **See Commonwealth v. Hill**, 66 A.3d 359, 363 (Pa. Super. 2013).

McKenzie has waived this claim due to his failure to preserve it either at the **Gagnon II** hearing or in a post-sentence motion.  **See Commonwealth v. Gibbs**, 981 A.2d 274, 282-83 (Pa. Super. 2009) (stating that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the

---

[2] McKenzie did not file a *pro se* appellate brief, nor did he retain alternate counsel for this appeal.

sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Nevertheless, even if McKenzie had not waived his sentencing claim on this basis, we are precluded from addressing it because it does not present a substantial question for our review. Where the appellant has preserved a sentencing challenge for appellate review, he must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64. Here, though the *Anders* Brief includes a Rule 2119(f) statement, Attorney Connors correctly concedes that "[a] bald assertion that a sentence is harsh and excessive does not generally raise a substantial question[.]" *Anders* Brief at 4 (quotation marks omitted) (citing *Commonwealth v. Giordano*, 121 A.3d 998, 1008 (Pa. Super. 2015) (stating that "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim")); *see also Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (stating that "[a]n appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.").

McKenzie baldly asserts that his sentence "is harsh and excessive under the circumstances[,]" but presents no other support for his claim. ***Anders*** Brief at 6. We therefore conclude that McKenzie has not presented a substantial question that his sentence is inappropriate under the Sentencing Code, and, thus, we are precluded from addressing his sentencing claim. ***See, e.g., Giordano***, 121 A.3d at 1008 (holding that the Court was precluded from addressing appellant's bald excessiveness challenge to his sentence where such claim did not present a substantial question).[3]

Moreover, our independent review discloses no other sentencing claims, or additional non-frivolous issues, that McKenzie could raise on appeal. ***See, e.g., Commonwealth v. Bishop***, 831 A.2d 656, 661 (Pa. Super. 2003) (stating that "[appellant] has not presented a substantial question for our review. In accordance with ***Anders***, our independent examination of the

---

[3] Nevertheless, even if we could address the merits of McKenzie's challenge to his sentence, we would determine that the sentencing court did not abuse its discretion in imposing a fair and non-excessive sentence. In so determining, we find persuasive the following reasoning that Attorney Connors advances in the ***Anders*** Brief:

> The record reflects that [] McKenzie still owes a substantial amount of money for [the] restitution [amount] …. Thus, he is clearly in violation of his probation. Moreover, his new sentence of 2 years['] probation is actually very generous under the circumstances given that he is involved in a new case in Philadelphia[, *i.e.*, the 2015 criminal case,] and the present term of probation was [o]rdered to run concurrently with whatever sentence [was imposed in connection with the 2015 criminal case]. Also, once [McKenzie's] restitution [amount is] paid, he is to be released from further supervision.

***Anders*** Brief at 5 (paragraph breaks and citations to transcript omitted).

record convinces us that there are no other sentencing claims, not advanced by counsel, that would raise a substantial question to permit review of [appellant's] sentence."); *see also Commonwealth v. Schmidt*, 165 A.3d 1002, 1013 (Pa. Super. 2017) (Gantman, P.J., concurring).

Accordingly, we grant Attorney Connors's Petition to Withdraw, and affirm McKenzie's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/18