J-S25038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD DOUGLAS LIEGEY | : | |
| | : | |
| Appellant | : | No. 1741 WDA 2017 |

Appeal from the Judgment of Sentence October 24, 2017
In the Court of Common Pleas of Elk County
Criminal Division at No(s):  CP-24-CR-0000214-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 7, 2018**

Chad Douglas Liegey appeals from the judgment of sentence of 90 days of probation, which was imposed on October 24, 2017, in the Elk County Court of Common Pleas, following his conviction by the trial court for the summary charge of harassment – subject other to physical contact.[1]  On that same day, a jury acquitted Liegey of the misdemeanor counts of recklessly endangering another person ("REAP") and simple assault.[2]  Contemporaneously with this appeal, appellate counsel has filed a petition to withdraw and an ***Anders***[3] brief, stating the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

_____

[1]  18 Pa.C.S. § 2709(a)(1).

[2]  18 Pa.C.S. §§ 2705 & 2701(a)(1), respectively.

[3]  ***Anders v. California***, 386 U.S. 738 (1967).

On July 24, 2016, in the early morning, at a residence located in Benezette, Elk County, Liegey hit Sherri McCloskey three times: once on the left side of her face, once on the right side of her face, and once on her forehead. Trial Court Opinion, 1/22/2018, at 1-2, *citing* N.T., 10/24/2017, at 10.

During Liegey's trial on October 24, 2017, the Commonwealth introduced seven photographs of McCloskey after the incident. ***Id.*** at 2*, citing* Commonwealth Exs. 1-7. The photographs depict a wound on McCloskey's forehead, bruising around her eyes, and other contusions on her face. ***Id.***, *citing* Commonwealth Exs. 1-7. Investigating Pennsylvania State Police Trooper Tyler J. Thompson testified he observed "a laceration in the middle of [McCloskey's] forehead" and "bruising on her forehead" when he "arrived." N.T., 10/24/2017, at 49.

Liegey testified in his own defense that, after McCloskey "punched" him "in the cheek[,]" he "hit her back just out of – defense[.]" N.T., 10/24/2017, at 80; ***see also id.*** at 90 ("She hit me and I hit her back"); Trial Court Opinion, 1/22/2018, at 2. He continued that he "hit her one time." N.T., 10/24/2017, at 90; ***see also id.*** at 92 ("I hit her one time"; "I hit her once"); Trial Court Opinion, 1/22/2018, at 2. Liegey also introduced three photographs depicting scratches and a contusion on his arms following the incident; the photographs do not show Liegey's face. ***Id.***, *citing* Def. Exs. A-C.

Liegey was sentenced immediately after his conviction for harassment. N.T., 10/24/2017, at 126. No post-sentence motions were filed, but this appeal followed.[4]

On February 15, 2018, appellate counsel sent a letter to Liegey, informing Liegey that he intended to file a petition for leave to withdraw. The next day, appellate counsel filed an **Anders** Brief, in which he presented the following issues:

> (1) Whether the trial court erred in finding [Liegey] guilty of the summary offense of Harassment (18 Pa.C.S.[ §] 2709(a)(1)), as the verdict was against the weight of the evidence where the jury found [Liegey] not guilty of all of the misdemeanor offenses?
>
> (2) Whether the evidence was sufficient to support the verdict of guilty to the charge of Harassment (18 Pa.C.S.[ §] 2709(a)(1))?

**Anders** Brief at 3. That same day, appellate counsel filed a petition to withdraw. Liegey did not file a *pro se* response to that petition. On April 3, 2018, the Commonwealth sent a letter to this Court stating that it did not intend to file a responsive brief.

> When presented with an **Anders** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw.
>
> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:

---

[4] On November 17, 2017, the trial court ordered Liegey to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order, and Liegey complied on November 27, 2017. On January 22, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Blauser*, 166 A.3d 428, 431 (Pa. Super. 2017) (internal brackets, citations, and quotation marks omitted; some formatting).

Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017) (citation and internal brackets and quotation marks omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "[w]e must also conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by

counsel." ***In re J.D.H.***, 171 A.3d 903, 908 (Pa. Super. 2017) (citation and internal quotation marks omitted).

> [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

***Commonwealth v. Yorgey***, 2018 PA Super 136 ¶ 25 (*en banc*).

In this appeal, we observe that appellate counsel's February 15, 2018, correspondence to Liegey provided a copy of the ***Anders*** Brief to Liegey and advised Liegey of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, appellate counsel's ***Anders*** Brief, at 4-6, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellate counsel additionally advances relevant portions of the record that arguably support Liegey's claims on appeal. ***Id.*** at 7-8. Ultimately, appellate counsel cites his reasons and conclusion that Liegey's "appeal is frivolous." ***Id.*** at 8-12. Counsel's ***Anders*** brief and procedures therefore comply with the requirements of ***Blauser***, 166 A.3d at 431, and ***Schmidt***, 165 A.3d at 1006. We thus proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

As a preliminary matter, generally, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004).

The fact that [an a]ppellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed [the a]ppellant's weight claim in its Pa.R.A.P 1925(a) opinion d[oes] not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion.

***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009); ***accord In re Estate of Smaling***, 80 A.3d 485, 491 n.2 (Pa. Super. 2013) (*en banc*) ("the inclusion of a weight claim in an appellant's Rule 1925(b) statement did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion, even where the trial court addressed the appellant's weight claim in its Pa.R.A.P. 1925(a) opinion").

Instantly, Liegey failed to challenge the weight of the evidence before the trial court in a motion for a new trial. ***See*** Pa.R.Crim.P. 607. Rather,

Liegey raised his weight claim for the first time in his concise statement. *See Sherwood*, 982 A.2d at 494; *Smaling*, 80 A.3d at 491 n.2. Thus, his first issue on appeal is waived. *See* Pa.R.Crim.P. 607; *Sherwood*, 982 A.2d at 494; *Smaling*, 80 A.3d 485, 491 n.2**.**

With respect to Liegey's challenge to the sufficiency of the evidence, Liegey contends that his testimony – *i.e.*, he hit McCloskey only once after she hit him on the cheek -- should have been sufficient to establish self-defense. *Anders* Brief at 8; *see also* N.T., 10/24/2017, at 80, 90, 92; Trial Court Opinion, 1/22/2018, at 2.

Our standard of review is as follows:

> Whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. . . . Finally, the trier of fact while passing upon the credibility of witnesses . . . , is free to believe all, part or none of the evidence.

*Commonwealth v. Fortson*, 165 A.3d 10, 14–15 (Pa. Super.) (citation and internal brackets omitted), *appeal denied*, 174 A.3d 558 (Pa. 2017).

Liegey was convicted of harassment pursuant to 18 Pa.C.S. § 2709(a)(1): "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013).

With respect to Liegey's claim of self-defense, "[t]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion."  18 Pa.C.S. § 505(a).

> When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt.  While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense.

*Commonwealth v. Emler*, 903 A.2d 1273, 1279 (Pa. Super. 2006) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard A. Masson, we conclude that Liegey's second issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question, as follows:

> In the case at bar, there is no reasonable doubt that [Liegey] struck McCloskey as both she and [he] testified to him striking her, albeit a different number of times.  McCloskey testified to being struck in the face three times and [Liegey] acknowledged striking her once in the face in reaction to his purportedly having been struck first by her.  In addition to their testimony, Trooper Thompson testified to his observation of the wound and blood on McCloskey.  The wound to McCloskey's forehead is obvious as are her blackened eyes and general facial contusions as depicted in Commonwealth Exhibits 1 through 7.  These photos corroborate McCloskey's testimony that Liegey hit her three times, including once on the left side of her face, once on the right side of her face, and once in the forehead[. N.T.,] 10/24/[20]17[, at] 10[]).  The

aforesaid Commonwealth photograph exhibits also discredit the testimony of Liegey that he only struck McCloskey once[. N.T.,] 10/24/[20]17[, at] 80[,] 90[,] 92[].

The assertion of [Liegey that he] struck McCloskey once in self-defense after she purportedly hit him on the cheek was simply not believed by the Court, which had the opportunity to observe the demeanor and countenance of the witnesses and attribute the weight it deemed appropriate to the evidence. The testimony of McCloskey that was supported by the other evidence, including the demonstrative evidence in the nature of the photographs introduced as Commonwealth Exhibits 1 through 7, was found to be credible and competent both as to establishing the elements of harassment and to demonstrate that [Liegey] did not engage in self-defense. The testimony of Liegey was undermined by the Defendant Exhibit A, B and C photographs as well, which at best depict scratches and a contusion on his arms, but do not show his face, let alone any physical evidence that he was struck in the face. . . . Any use of force that McCloskey may have employed which resulted in marks on the [Liegey]'s arms was provoked by [Liegey] by engaging in conduct that showed he intended to cause her to be subjected to unlawful force and thus his conduct was not justified.

Trial Court Opinion, 1/22/2018, at 2-3. Based on the foregoing, we agree with the trial court and appellate counsel that the Liegey's challenge to the sufficiency of the evidence lacks merit.

In addition, we have reviewed the certified record consistent with *J.D.H.*, 171 A.3d at 908, and have discovered no additional arguably meritorious issues. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judge Panella joins this memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2018