J-S28004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :

            v.                            :
                                           :

GILBERTO PEREZ                    :
                                         :
            Appellant            :     No. 1602 MDA 2021

Appeal from the Judgment of Sentence Entered December 6, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000643-2021

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:         **FILED: OCTOBER 24, 2022**

Appellant, Gilberto Perez, appeals from the judgment of sentence entered on December 6, 2021 following his jury trial convictions for aggravated assault with a deadly weapon and simple assault.[1] On this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 2702(A)(4) and 2701, respectively.

We briefly summarize the facts and procedural history of this case as follows. On April 11, 2021, Appellant and Luis Hernandez were involved in an altercation outside the One Stop convenience store in Schuylkill County, Pennsylvania. N.T., 10/25/2021, at 18-20. At trial, Hernandez testified that the two men got into a verbal argument and Appellant cut Hernandez's finger with a box cutter. *Id.* at 20-21. Appellant also bit Hernandez on the inner part of his arm, drawing blood. *Id.* at 26-29. Hernandez returned home where his wife was cleaning his wounds when Appellant came to the residence and knocked on the door. *Id.* at 24-25. Appellant brandished a kitchen knife and demanded the return of a cellular telephone. *Id.* at 25. Hernandez went outside holding a pocketknife. *Id.* at 41-42. Hernandez testified that he put his knife on the ground, hoping Appellant "would do the same[,]" but Appellant grabbed the pocketknife and wielded both knives against Hernandez. *Id.* at 42-43. Hernandez grabbed a shovel to protect himself, but did not strike Appellant with it. *Id.* at 43. Officer Cody Applegate with the Shenadoah Borough Police Department arrived on the scene. *Id.* at 44-45. Officer Applegate testified that the police "were called for a fight involving weapons" and when he arrived, he observed Appellant "holding two knives" and Hernandez "had a shovel." *Id.* at 46. The police detained both men. *Id.* Hernandez had a "stab wound on … his left hand, his ring finger" that "was severely bleeding." *Id.* at 47. The wound "just kept bleeding" despite having been cleaned and there was "blood all over the shovel that [Hernandez] was holding and there was some blood on the ground as well." *Id.* at 47-48.

Officer Applegate observed a bleeding bite mark on one of Hernandez's arms. *Id.* at 49. The police called for an ambulance to take Hernandez to the hospital. *Id.* Hernandez received six stitches to his finger, and, at trial, he showed the scar to the jury. *Id.* at 27-28. Hernandez testified that he had difficulty using his injured hand for a month following the incident. *Id.* at 28.

At the conclusion of trial on October 25, 2021, the jury convicted Appellant of the aforementioned crimes.[2] The trial court ordered the preparation of a presentence investigation report prior to sentencing. N.T., 12/6/2021, at 2-3. On December 6, 2021, the trial court sentenced Appellant to 30 to 120 months for aggravated assault with a deadly weapon. *Id.* at 11. The simple assault conviction merged for sentencing purposes. *Id.* This timely appeal resulted.[3]

Before reviewing the merits of the appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998). To withdraw under *Anders*,

---

[2] The jury also determined that Appellant was not guilty of aggravated assault pursuant to 18 Pa.C.S.A. § 2702(A)(1) (attempts to cause serious bodily injury or causes injury with extreme indifference).

[3] Appellant filed a notice of appeal on December 8, 2021. On December 20, 2021, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 14, 2022, counsel for Appellant filed a concise statement indicating that he intended to file an appellate brief pursuant to *Anders*. As such, the trial court entered an order on March 7, 2022, indicating that it would not file an opinion pursuant to Pa.R.A.P. 1925(a)(1).

court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361; **see also Commonwealth v. Smith**, 700 A.2d 1301, 1304 (Pa. Super. 1997) ("[C]ounsel seeking to withdraw under **Anders** is required to flag any issues that the defendant wishes to raise, as well as any other claims necessary to the effective appellate presentation of those issues."). Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en*

*banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel complied with all of the aforementioned procedural obligations. Counsel filed an ***Anders***' brief and application to withdraw with this Court on June 22, 2022. Attached to the ***Anders***' brief was a letter advising Appellant of his rights. Appellant has not responded to the petition to withdraw or the ***Anders***' brief. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. In his ***Anders***' brief, counsel flags the following issue Appellant wishes to raise:

> 1. Was the evidence presented at trial sufficient to sustain a conviction?

***Anders***' Brief at 4.

"[W]ith respect to [appellate] sufficiency review, our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light

most favorable to the Commonwealth as the verdict winner." *Commonwealth v. Rushing*, 99 A.3d 416, 420–421 (Pa. 2014) (citation omitted). We examine whether "the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt." *Commonwealth v. Cannavo*, 199 A.3d 1282, 1290 (Pa. Super. 2018) (citation omitted). Furthermore:

> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. We will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Id.* (internal citations, quotations, and brackets omitted).

Appellant was convicted of aggravated assault with a deadly weapon. "A person is guilty of aggravated assault if he … attempts to cause or intentionally causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4). A person acts intentionally in causing bodily injury to another with a deadly weapon if it is his conscious objective to engage in conduct which causes such a result. *See* 18 Pa.C.S.A. § 302(b)(1)(i). "Bodily injury" is defined as an "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. We have previously determined that a box cutter is a deadly weapon. *See Commonwealth v. Rhoads*, 273 A.3d 1031 (Pa. Super.

2022) (unpublished memorandum).[4]  In this case, there is no dispute that Appellant sliced the victim's finger with a box cutter and that the injury caused severe bleeding which required six stitches at the hospital.  Moreover, from our independent review of the certified record, there was ample and sufficient evidence upon which the jury could conclude that Appellant's actions were intentional rather than accidental.  The Commonwealth presented evidence that Appellant swung the box cutter "close to [the victim's] face" but the victim defensively put his hand up and sustained injury to his finger as a result.  N.T., 10/25/2021, at 22.

Appellant was also convicted of simple assault.  "A person is guilty of [simple] assault if he … attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]"  18 Pa.C.S.A. § 2701(a)(1).  This Court has previously determined:

> The Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury.  This intent may be shown by circumstances, which reasonably suggest that a defendant intended to cause injury.
>
> *     *     *
>
> [I]njuries that are "trivial in nature," "noncriminal contact resulting from family stress and rivalries," or a "customary part of modern[-]day living" do not satisfy [the bodily injury statutory] element.  The existence of substantial pain may be inferred from the circumstances surrounding the use of physical force even in the absence of a significant injury.  We have held that an individual who aggressively grabs the arm of another and pushes her against

---

[4] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

wall causes bodily injury, even though the victim did not require medical attention or miss work as a result and only sustained bruises that lasted a few days. We have likewise held that a punch to the face that broke the victim's glasses and caused pain for several days caused a bodily injury. Similarly, we have found that a deliberate punch with a closed fist resulting in slight swelling and pain was a bodily injury.

*Commonwealth v. Wroten*, 257 A.3d 734, 743–744 (Pa. Super. 2021) (internal citations, original brackets, and most quotations omitted).

Here, we conclude that the Commonwealth presented sufficient evidence to support Appellant's simple assault conviction. As set forth above, the evidence showed that Appellant intentionally bit the victim's arm during a physical struggle. The investigating officer confirmed that the victim's injury was visible and bleeding. Hence, the jury was free to determine that the injury was not: trivial in nature, noncriminal contact from a rivalry, or a customary part of modern-day living. Accordingly, we conclude that the Commonwealth presented sufficient evidence to support both of Appellant's convictions.

Finally, after independent review of the certified record, we discern no additional, non-frivolous issues overlooked by counsel. *See Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017) ("After determining that counsel has satisfied the[] technical requirements of *Anders* and *Santiago*, this Court must then conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.") (citation and internal quotations omitted). Hence, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2022