J-S15037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACQUAN CLIFTON CULBERT | : | |
| | : | |
| Appellant | : | No. 1496 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 13, 2022
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000336-2022

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:　　　　**FILED: AUGUST 7, 2023**

Jacquan Clifton Culbert ("Culbert") appeals from the judgment of sentence imposed after he pleaded guilty to simple assault and false imprisonment.[1]  Additionally, Culbert's counsel has filed a petition to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We affirm and grant counsel's petition to withdraw.

Culbert, after admitting that he punched his wife in her face and did not let her leave their bedroom, entered an open guilty plea to the above-stated offenses.  ***See*** N.T., 6/27/22, at 3; ***see also*** Affidavit of Probable Cause, 2/15/22, at 1.  On September 13, 2022, the trial court held a sentencing hearing, at which the parties discussed a presentence investigation report and highlighted the information contained in the report, including Culbert's mental

---

[1] ***See*** 18 Pa.C.S.A. §§ 2701(a)(1), 2903(a).

health issues. *See* N.T., 9/13/22, at 1-3. Culbert's counsel at the time argued in favor of time-served sentences. *See id*. at 2-3.[2] Culbert then apologized to the court and his wife, *see id*. at 4, after which the trial court announced its sentence of twelve to twenty-four months of imprisonment for simple assault and a consecutive six to twenty-four months of imprisonment for false imprisonment. *See id*. The trial court offered no further statements concerning sentencing. *See id*.

Culbert timely filed a post-sentence motion for reconsideration of sentence and asserted, in relevant part:

> . . . [Culbert] suffers from several severe mental health disorders, including bipolar disorder, schizophrenia and PTSD that affected his thought process and actions on the day of the incident.
>
> . . . Due to the facts and circumstances surrounding the instant case, [Culbert] respectfully requests that th[e trial court] reconsider the sentence imposed and consider imposing a concurrent sentence[,] because both offenses . . . occurred essentially simultaneously to each other during the midst of a domestic dispute.

Post-Sentence Motion, 9/19/22, at 2.[3]

The trial court denied Culbert's post-sentence motion, and Culbert timely appealed. Culbert filed a court-ordered Pa.R.A.P. 1925(b) statement claiming that (1) the trial court failed to state the reasons for its sentences

---

[2] Different attorneys from the Public Defender's Office represented Culbert during his guilty plea and sentencing, and in the present appeal.

[3] Culbert's post-sentence motion also asserted that (1) while he had a prior record score of four, his last conviction was in 2011; (2) he had been on parole for three years without a violation and was gainfully employed; and (3) he was facing a parole violation. *See* Post-Sentence Motion, 9/19/22, at 1.

and (2) the sentences were harsh and excessive given his mental health issues. *See* Rule 1925(b) Statement, 11/10/22, at 1. The trial court filed a Rule 1925(a) opinion concluding that Culbert waived his claim that it failed to state the reasons for its sentences and Culbert's claim that the aggregate sentence was harsh and excessive does not raise a substantial question for review. *See* Trial Court Opinion, 1/10/23, at 7-8. Culbert's present counsel has filed in this Court an *Anders* brief and a petition to withdraw from representation.

Before considering the merits of the issues identified by Culbert's counsel, we must first consider her request to withdraw. *See* *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Counsel who wishes to withdraw on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In accordance with *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the brief accompanying counsel's petition to withdraw must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.  Once counsel has complied with these procedural requirements, we will review the record and render an independent judgment as to whether the appeal is wholly frivolous.  ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Culbert's counsel states that she has conscientiously examined the record and determined that this appeal is wholly frivolous.  ***See Anders*** Brief at 8.  Her ***Anders*** brief provides a summary of the procedural history and facts of the case.  ***See id***. at 5.  Counsel sets forth her conclusion that this appeal is frivolous because Culbert has not preserved his intended issues for appellate review, and she provides citations to the case law and rules of procedure that led to her conclusion.  ***See id***. at 7-8.  She has also attached to her petition to withdraw a letter advising Culbert of her intent to withdraw, stating that she enclosed a copy of her ***Anders*** brief and apprising Culbert of his right to proceed *pro se* or with private counsel.  We conclude that Culbert's counsel has substantially complied with the procedural requirements to withdraw.[4]  Accordingly, we will proceed to an independent review to determine if this appeal is frivolous.  ***See Yorgey***, 188 A.3d at 1197.

_____

[4] We note, with disapproval, that Culbert's counsel devotes much of her ***Anders*** brief to alternative arguments based on her belief that this Court should vacate Culbert's sentences notwithstanding her conclusion that Culbert waived his intended claims for review.  Such a mixed approach could confuse a defendant concerning the actual merits of his appeal and/or the need to respond immediately.  However, because Culbert's counsel has clearly advised
*(Footnote Continued Next Page)*

Culbert's counsel identifies the following issues for review:

A. Whether the trial court failed to state on the record the reasons for the sentences imposed as required by Pa.R.Crim.P. [704(C)(2)].[5]

B. Whether the sentences imposed were harsh and excessive, and an abuse of discretion[,] given [Culbert]'s mental health issues.

***Anders*** Brief at 4.[6]

Both issues discussed by Culbert's counsel concern the discretionary aspects of sentencing. ***See Commonwealth v. Schmidt***, 165 A.3d 1002, 1007 (Pa. Super. 2017) (discussing a harsh-and-excessive claim); ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (discussing a claim that the trial court failed to state the reasons for the sentence).

It is well-settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

_____

him of her intent to withdraw, identified waiver as the threshold issue, and informed him of his appellate rights, we will not require an amended brief.

[5] Throughout her ***Anders*** brief, Culbert's counsel mistakenly cites Rule 708, which governs sentences imposed following the revocation of probation or parole. However, the Rule 704, which governs the procedure at the time of sentencing, has an identical requirement that the trial court state the reasons for the sentence imposed. ***Compare*** Pa.R.Crim.P. 704(C)(2) ***with*** Pa.R.Crim.P. 708(D)(2).

[6] Culbert has not responded to his counsel's petition to withdraw or the ***Anders*** brief.

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Id**. (citation omitted).

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). The failure to preserve an objection to the discretionary aspects of sentencing during the sentencing proceeding or in a post-sentence motion results in the waiver of the objection, and a party cannot preserve a claim for appeal by raising it for the first time in a Rule 1925(b) statement. **See Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003).

Our review of the record confirms that Culbert did not object at the sentencing hearing. **See** N.T., 9/13/22, at 4. Although he filed a post-sentence motion, the motion did not preserve a claim that the trial court failed to state the reasons for its sentence. **See** Post-Sentence Motion, 9/19/22, at 1-2. Moreover, Culbert did not assert that the sentences were harsh or excessive, nor did he even allege that the trial court had abused its discretion. **See id**. Culbert's counsel, instead, raised claims that the trial court failed to state the reasons for the sentence and imposed harsh and excessive sentences for the first time in a Rule 1925(b) statement. Therefore, we agree with Culbert's counsel that Culbert has waived his intended claims and this appeal

is frivolous.  **See Schmidt**, 165 A.3d at 1007; **Mann**, 820 A.2d at 794; **see also Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (noting that the pursuit of a waived claim on appeal is frivolous).

Thus, having conducted an independent review of the record, we agree with Culbert's counsel that this appeal is frivolous because none of Culbert's intended issues have been preserved for review.  **See Kalichak**, 943 A.2d at 291.  Because our independent review of the record reveals no issues of arguable merit preserved for this appeal, we affirm the judgment of sentence and grant Culbert's counsel petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2023